UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RADIANCE CAPITAL RECEIVABLES EIGHTEEN, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:16-CV-01921-SPM ) |
| MBO INVESTMENTS, LLC, et al., | ) ) ) |
| Defendants. | ) |

## **ORDER**

This matter is before the Court on the Motions to Dismiss for Insufficient Service or Process, or, in the Alternative, Motion to Quash Service, filed by Defendants. (Docs. 14 & 16). Plaintiff Radiance Capital Receivables Eighteen, LLC ("Plaintiff") has filed a response. (Doc. 18).

On December 9, 2016, Plaintiff filed its Complaint in this action. On December 21, 2016, Plaintiff served individual copies of the summons on defendants Bryan Owen and Mary Beth Owen. On December 28, 2016, Radiance served individual copies of the summons on defendants Marc Owen, Jacqueline Owen, and MBO Investments, LLC. No copies of the Complaint were attached to the summonses. On January 5, 2017, Plaintiff filed documents with the Court purporting to reflect service on each of the defendants.

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to bring a motion to dismiss on grounds of insufficiency of service of process. *Advanced Lipodissolve Centers, LLC v. Karkkainen*, No. 4:06-CV-199 CAS, 2006 WL 3803764, at *2 (E.D. Mo. Nov. 6, 2006). Where attempted service is ineffective, a district court "has discretion to either dismiss

the action, or quash service but retain the case." *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) (quoting *Haley v. Simmons*, 529 F.2d 78, 78 (8th Cir. 1976) (per curiam)) (internal quotations omitted).

Under Rule 4(c)(1), "A summons must be served with a copy of the complaint." It is undisputed that no copies of the Complaint were attached to the summonses served on Defendants. Therefore, the attempted service was ineffective. *See Duran v. Andrew*, No. 4:08CV1400, 2009 WL 113382, at *3-*4 (E.D. Mo. Jan. 15, 2009) (finding service of process insufficient where the plaintiff had been served with a summons but not with a copy of the complaint). In its response, Plaintiff argues that the Court should "liberally construe" the requirements of Rule 4 because Defendants had actual notice of an action against them. However, Plaintiff does not direct the Court to any cases permitting the Court to set aside the clear requirement in Rule 4(c)(1) that the summons must be served with a copy of the Complaint.

Under Rule 4(m), Plaintiff still has until March 9, 2017 to effect service on Defendants. In light of the fact that Plaintiff still has time to obtain service, the Court finds that the appropriate cause of action here is to quash service and retain the case. *Cf. Duran*, 2009 WL 113382, at *4 (finding that where the time for service had only recently expired, the Court would exercise its discretion to quash service and retain the case, rather than dismiss it). Plaintiff must effect proper service or obtain a waiver of service within the time set forth in Rule 4(m).[1] Failure to do so may result in a dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Insufficient Service or Process, or, in the Alternative, Motion to Quash Service filed by Defendants Marc A. Owen,

---

[1] In its response, Plaintiff states that it has requested a waiver of service pursuant to Rule 4(d) and is awaiting Defendants' response to the request.

Jacqueline Owen, and MBO Investments, LLC (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**. With respect to the motion to dismiss, the motion is **DENIED.** With respect to the motion to quash service, the motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Insufficient Service or Process, or, in the Alternative, Motion to Quash Service filed by Defendants Bryan K. Owen and Mary Beth Owen (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**. With respect to the motion to dismiss, the motion is **DENIED.** With respect to the motion to quash service, the motion is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall effect proper service or obtain a waiver of service no later than **March 9, 2017**, which is 90 days from the filing of the original complaint

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of February, 2017.