UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RADIANCE CAPITAL RECEIVABLES EIGHTEEN, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:16-CV-1921-SPM |
| MBO INVESTMENTS, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Protective Order (Doc. 88) and Plaintiff's Unopposed Motion Requesting Extension of the Dispositive Motion Deadline (Doc. 94). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Plaintiff has filed a written response in opposition to the motion for protective order (Doc. 89), Defendants filed a reply (Doc. 90), and Plaintiff filed a sur-reply (Doc. 93). Based upon the Court's review of the parties' positions and the state of the law governing this dispute, the motion for a protective order will be denied, and the motion for an extension will be granted.

**I.**  **Background**

In this lawsuit, Plaintiff Radiance Capital Receivables, LLC, ("Radiance") seeks payment from Defendants MBO Investments, LLC, ("MBO" or "Borrower"), Owen & Sons Development Co., ("Owen & Sons"), Marc A. Owen, Jacqueline Owen, Bryan K. Owen, and Mary Beth Owen (together with Owen & Sons, the "Guarantors") of Promissory Note #71484086-23460 (the

"Note") evidencing a loan made by Premier Bank ("Premier" or "Lender") to MBO. The Note was executed on or about October 1, 2009, in the amount of $1,799,210.26. At various times in 2004 and 2005, each of the Guarantors had executed commercial guarantees ("Guarantees") in favor of Premier guaranteeing MBO's debt.

In October 2010, the Missouri Division of Finance shut down Premier, and the Federal Deposit Insurance Corporation (the "FDIC") was appointed as its receiver. At that time, Providence Bank of Columbia, Missouri, assumed Premier's deposits, but the FDIC retained certain Premier assets, including the Note and Guarantees at issue here. CADC/RADC Venture 2011-1, LLC, ("CADC") was the successor by assignment from the FDIC, and Radiance asserts that it is the successor by assignment from CADC, pursuant to a bill of sale that included the Note and Guarantees. When Radiance filed this instant action for payment of the Note, MBO answered and asserted the affirmative defense of "payment" of the Note, and alleged that Premier had forgiven the debt and released MBO from all obligations thereunder. Any such debt forgiveness should have been accounted for in tax documents prepared for Defendants, and accordingly, Plaintiff has requested certain tax documents during the discovery process.

The parties appeared at a telephone discovery conference in the chambers of the undersigned on July 23, 2018, to discuss a discovery dispute. The dispute concerned whether the accountant-client privilege applies to certain supporting documents related to the tax returns and K-1's for MBO. Plaintiff had requested that Defendants produce the tax returns, K-1's and related "books, financial records, reports and/or working papers used in preparation of MBO's taxes." Defendants produced the tax returns and K-1's for MBO from 2005 through 2014, but asserted that accountant-client privilege applied to the related "books, financial records, reports and/or working

2

papers used in preparation of MBO's taxes." After the conference, the Court ordered Defendants to submit for the Court's consideration a motion seeking a protective order. (Doc. 87).

II. **Discussion**

Generally, a party may obtain discovery regarding any non-privileged matter that is relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Rule 26(c) authorizes a court, for good cause, to issue an order limiting discovery "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." A district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required. *See Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

The primary issue underlying the instant Motion for Protective Order is the extent to which, if any, Missouri's accountant-client privilege applies to these supporting tax documents sought by Plaintiff, and if so, whether the privilege has been waived, as Plaintiff asserts. However, Defendants do not rely solely on Missouri's accountant-client privilege in their request for a protective order. Invoking Fed. R. Civ. P. 26(b)(1), Defendants also contend that the documents sought are not relevant to the instant cause of action. In support of that contention, they assert that the central issue in this case is not whether the Note at issue has been paid or otherwise satisfied, but rather, whether Plaintiff has standing to sue to enforce the Note.

The Court will turn first to the question of relevancy of the requested documents. This Court has already addressed this issue, stating in a previous order that "the presence or absence of tax treatment of forgiveness of debt is very relevant" to proving whether the Note was forgiven, and "Defendants must produce MBO's tax returns and K-1's . . . with supporting documents." (Doc. 77). Nothing in Defendants' motion for a protective order persuades the Court to revisit its

3

prior determination as to the relevancy of the documents sought by Plaintiff. As to Defendants' assertion that the standing issue is more salient than whether the Note has been paid or forgiven, the Court recognizes that for Plaintiff to ultimately prevail on its claim, it will have to prove that it is entitled to enforce the Note. *See CACH, LLC v. Askew*, 358 S.W.3d 58, 61-62 (Mo. Banc 2012) (party attempting to recover on account owed must show it is the rightful owner of the account at issue to have standing). However, the fact that Plaintiff will have to prove it is the rightful owner of the Note in order to prevail does not render irrelevant the question of whether the Note has been paid or forgiven. The documents at issue are clearly relevant, and the Court will turn next to the issue of privilege.

Missouri's accountant-client privilege is found in Mo.Rev.Stat. § 326.322.1, which states in relevant part "[e]xcept by permission of the client for whom a licensee performs services . . . a licensee . . . shall not voluntarily disclose information communicated to the licensee by the client relating to and in connection with services rendered to the client by the licensee. The information shall be privileged and confidential." Section 326.322.2 further provides that "[a] licensee shall not be examined by judicial process or proceedings without the consent of the licensee's client as to any communication made by the client to the licensee in person or through the media of books or account and financial records, or the licensee's advice, reports or working papers given or made thereon in the course of professional employment . . .. This privilege shall exist in all cases except when material to the defense of an action against a licensee." The purpose of the privilege "is to create an atmosphere where the client will provide all relevant information to the accountant without fearing future disclosure in subsequent litigation." *Ayers Oil Co. v. Am. Bus. Brokers, Inc.*, No. 2:09 CV 02 DDN, 2009 WL 2592154, at *4 (E.D. Mo. Aug. 20, 2009).

The "books, financial records, reports and/or working papers used in preparation of MBO's taxes" at issue here would seem to fall squarely within the sort of material protected by Missouri's accountant-client privilege. The question then becomes whether, as Plaintiff alleges, Defendants have waived their accountant-client privilege.[1] Plaintiff argues that Defendants have waived the privilege by placing the subject matter of the privileged communications "at issue" in the litigation. The Court agrees. It is well-settled that, under Missouri law, a party may waive its privileges by placing the subject matter of the privileged communication "at issue" in the litigation. *See, e.g., State ex rel. Sw. Bell Publ'n v. Ryan*, 754 S.W.2d 30, 32 (Mo. Ct. App. 1988) ("at issue" waiver of accountant-client privilege); *Matthes v. Wynkoop*, 435 S.W.3d 100, 110 (Mo. Ct. App. 2014) ("at issue" waiver of attorney-client privilege). Because Defendants have raised the affirmative defense of "payment" on the basis of debt forgiveness, and such forgiveness would have to have been accounted for in tax documents from the relevant years, Defendants have waived any privilege which may have otherwise attached to the documents. *See Semi-Materials Co., LTD. v. MEMC Elec. Materials*, Inc., No. 4:06CV1426 FRB, 2010 WL 3038086, at *3 (E.D. Mo. Aug. 3, 2010) (holding that defendant waived its accountant-client privilege by invoking a defense that put the subject matter of the privileged documents at issue in the litigation).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order (Doc. 88) is **DENIED**.

---

[1] Plaintiff also asserts that the accountant-client privilege was waived because it was untimely asserted by Defendants, as the materials at issue were requested in Request No. 5, which was served on Defendants on January 5, 2018, and Defendants first raised the issue of privilege on June 26, 2018. Because the Court finds the privilege waived on other grounds, it need not reach the question of whether the assertion of privilege was untimely.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion Requesting Extension of the Dispositive Motion Deadline (Doc. 94) is **GRANTED**. The dispositive motion deadline shall be extended from August 17, 2018, to August 24, 2018.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of August, 2018.